**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **C.P.-1 and I.P.**

**No. 22-643** (Preston County 19-JA-8 and 19-JA-9)

**MEMORANDUM DECISION**

Petitioner Mother C.P.-2[1] appeals the Circuit Court of Preston County's July 7, 2022, order denying her motion to modify the prior dispositional order to increase visitation with C.P.-1 and I.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings giving rise to this appeal began in January of 2019, when the DHHR filed an abuse and neglect petition alleging that petitioner abused and neglected the children by, among other things, instructing them to lie about the father physically and sexually abusing them when no such abuse had occurred. *See In re C.P.-1 and I.P.*, No 21-0105, 2021 WL 4936987, at *1 (W. Va. Oct. 1, 2021)(memorandum decision). The court ultimately adjudicated petitioner of abusing and neglecting the children. *Id.* at *3. Petitioner appealed her adjudication, and we affirmed the same. *Id.* at *5.

Following her appeal, the circuit court held a final dispositional hearing in November of 2020. At that time, petitioner requested that the court impose disposition under West Virginia Code § 49-4-604(c)(5), to which no party objected. Accordingly, the court granted petitioner disposition under that section, ordered that the children's father would be granted full physical and legal custody, and also ruled that petitioner was granted contact with the children subject to the father's discretion. The court entered the final dispositional order on February 17, 2021. Petitioner did not appeal this order.

---

[1] Petitioner appears by counsel Kristen D. Antolini. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. John C. Rogers appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and petitioner share the same initials, we will refer to them as C.P.-1 and C.P.-2, respectively.

In September of 2021, petitioner filed a "Motion to Modify Contact Between Minor Children and Adult Respondent," in which she asserted that she was participating in therapy and that the therapist recommended family therapy with petitioner and the children. Accordingly, petitioner requested a modification to permit such family therapy. Petitioner later filed a supplemental motion requesting that her visitation with the children be significantly expanded. At the time, petitioner typically enjoyed two hours of visitation each week, supervised by Home Base, Inc.

Thereafter, the court held several hearings on the issue, including one in which the court conducted in camera interviews of the children. According to the court, the evidence showed that visits between petitioner and the children "have been very complicated and sometimes quite contentious," as the "children believe that [petitioner] is stubborn and needs additional therapy and counseling before they would feel comfortable spending additional time with her." Ultimately, the court denied petitioner's request to modify her visitation with the children, finding that petitioner failed to demonstrate a sufficient change in circumstances. Accordingly, the court ruled that the children's visitation with petitioner would remain "status quo" as originally set forth in the February 17, 2021, dispositional order.[3] It is from the order denying her motion to modify visitation that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In addressing petitioner's arguments to this Court, it is critical to first stress that she failed to appeal the circuit court's February 17, 2021, dispositional order in which it first granted her visitation at the father's discretion. Simply put, her failure to appeal from this order leaves her unable to attack the court's rulings contained therein. Accordingly, we decline to address her arguments concerning the nature of the visitation that was granted in that prior order.

Instead, we must narrow our focus to the question of whether the circuit court erred in denying petitioner's motion to modify the terms of her visitation. According to petitioner, application of the standard necessary for modification of a dispositional order under West Virginia Code § 49-4-606 was not appropriate here. We disagree. In arguing that the court applied the wrong standard, petitioner attempts to draw a distinction between full termination of parental rights and the fact that her disposition was less restrictive, having been imposed under West Virginia Code § 49-4-604(c)(5).[4] What petitioner fails to recognize, however, is that West Virginia Code §

---

[3]The children remain in the sole physical and legal custody of the nonabusing father.

[4]West Virginia Code § 49-4-604(c)(5) provides as follows:

Upon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the care, custody, and control of the department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

49-4-606 makes no such distinction. On the contrary, that statute is explicitly clear that a circuit court may modify a dispositional order only "if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests." W. Va. Code § 49-4-606(a). The statute makes no mention of modification applying only to terminations under West Virginia Code § 49-4-604(c)(6). Instead, the Legislature has made it abundantly clear that this statute is the lone vehicle for modification of dispositional *orders* in abuse and neglect cases.

While petitioner argues that Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings should control,[5] we again disagree because this rule governs when it is appropriate to *award* visitation, not when it is appropriate to *modify* the terms of visitation previously awarded. In effect, petitioner's argument is one of semantics and must fail upon a reckoning of the case's procedural history and petitioner's failure to appeal the February 17, 2021, dispositional order. While petitioner may wish for an evidentiary threshold lower than demonstrating a substantial change in circumstances to apply to her current request for expanded visits, the fact remains that by failing to appeal the court's prior award of visitation, she is now bound by the requirements of West Virginia Code § 49-4-606. Petitioner further argues that the court failed to address several factors, such as whether the children have a close emotional bond with petitioner or whether the children had a preference for family counseling. However, petitioner fails to cite to any authority that would require the court to make such findings, as the statute in question is clear that, in order to modify the dispositional order, it must find that there has been a "material change in circumstances." W. Va. Code § 49-4-606(a). Simply put, the court's conclusion that no such change in circumstance occurred is dispositive of whether modification was warranted, and we find no error in the court refusing to undertake consideration of these additional factors in the absence of authority requiring them.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 7, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[5]Petitioner also argues that, although the case does not involve post-termination visitation, cases governing such visitation can prove instructive. It is unnecessary to address this argument, however, for the same reasons addressed above. In short, petitioner's failure to appeal the dispositional order requires her to comply with the requirements for modifying the dispositional order as set forth in West Virginia Code § 49-4-606, and any cases discussing whether a circuit court should have permitted post-termination visitation at the time of disposition does nothing to alleviate these requirements.

**DISSENTING:**

Justice John A. Hutchison

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.